UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:09-CV-56-F

| | | |
|---|---|---|
| DANIEL K. GRIGGS and | ) | |
| DEBORA R. GRIGGS, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| EDWARD J. FEINS, | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiffs' Motion to Remand [DE-6]. Defendant Edward J. Feins ("Feins") has filed a response [DE-9] thereto, and the time for filing a reply has since passed. This matter is therefore ripe for ruling.

## I. PROCEDURAL HISTORY

Plaintiffs, both residents of North Carolina, filed this action in the Superior Court of Currituck County, North Carolina, on June 24, 2009, alleging claims for malicious prosecution, intentional infliction of emotional distress, and unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1, *et seq.*, against Feins, a resident of New Jersey. Feins was personally served with a summons and a copy of the complaint on August 10, 2009. Feins filed a motion for extension of time to file defensive pleadings on September 2, 2009, which was allowed by the Clerk of Currituck Superior Court. Feins thereafter timely filed a Motion to Dismiss for Lack of Personal Jurisdiction on September 25, 2009.

On November 3, 2009, the Honorable Alma L. Hinton, Superior Court Judge, entered an order denying Feins's motion to dismiss. Specifically, Judge Hinton stated that counsel for the parties had announced that they had agreed that Plaintiffs would file an amended complaint

which included more specific allegations with regard to personal jurisdiction, and that upon the filing of the amended complaint, the Feins's motion to dismiss would be deemed dismissed. Judge Hinton also ordered that Feins had fifteen days to file a responsive pleading to the amended complaint. *See* Notice of Removal [DE-1], Ex. G (November 3, 2009, Order).

Feins filed his answer in Currituck County Superior Court on November 16, 2009, and also filed a Notice of Removal, on the basis of diversity jurisdiction, with this court on November 18, 2009. Plaintiffs filed their Motion to Remand on December 8, 2009.

## II. ANALYSIS

Plaintiffs contend that this case must be remanded to the Superior Court of North Carolina because the Notice of Removal was untimely filed under 28 U.S.C. § 1446(b), which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

In this case, Feins was served with a copy of the original Complaint on August 10, 2009. The parties do not dispute that the original Complaint provided Feins with sufficient notice that

2

this action could be removed on the basis of diversity jurisdiction. Feins, however, argues:

> Until Plaintiffs filed the Amended Complaint, there was no legitimate claim lodged with the state court against the defendant. Not until the Amended Complaint was filed did the Court have jurisdiction over the defendants[sic]. . . . Once jurisdiction was established it was then incumbent on the defendant to file his answer. That answer was filed in a timely manner and defendant then filed the removal action pursuant to 28 U.S.C. § 1446. . . . [Section 1446(b)] obviously contemplates that the complaint must have an appropriate claim for relief. Plaintiffs' original claim for relief was devoid of a claim for relief within the state court as alleged because it lack[sic] personal jurisdiction.

Def.'s Mem. in Opp. to Pl.'s Mot. to Remand [DE-x] at p. 1. In other words, Feins argues that clock only begins to run on filing notices of removal if a plaintiff has stated a claim for relief—which could not be determined until the state court ruled that it had personal jurisdiction over him. Feins's argument is without merit.

First, Feins's motion to dismiss on the basis of personal jurisdiction ultimately was denied by the state court. To be sure, the basis of the denial was the parties' own stipulation that the motion would be denied upon the filing of the Amended Complaint, but that does not change the fact that no court ruled that it lacked personal jurisdiction over Feins. In this procedural posture, Feins is advocating that the clock does not begin to run on the time to file a notice of removal until the party himself is satisfied that a claim for relief has been stated by a plaintiff. Not surprisingly, Feins has not cited any cases that support such a reading of § 1446(b).

Second, taken to its logical end, Feins's argument would amount to a defendant not being obligated to file a Notice of Removal if, and until, a court ruled on a motion to dismiss for failure to state a claim. After all, Feins advocates that § 1446(b) "obviously contemplates that the complaint must have an appropriate claim for relief." The court, however, cannot read into the plain language of § 1446(b) a requirement that a state court first rule on a motion to dismiss for

3

personal jurisdiction, or, going to the end of the envelope, a motion to dismiss for failure to state a claim, before the clock begins to run on the time to file a notice of removal.

Accordingly, because the Notice of Removal was filed more than thirty days after August 10, 2009–when Feins was first served with the summons and complaint–it is untimely under 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1447(c), Plaintiffs' Motion to Remand [DE-6] is ALLOWED, and it is ORDERED that this case be REMANDED to the General Court of Justice, Superior Court Division, Currituck County, North Carolina.

SO ORDERED.

This the 1st day of February, 2010.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge